**Electronically Filed**
**Intermediate Court of Appeals**
**30590**
**01-NOV-2010**
**08:42 AM**

NO. 30590

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WELLINGTON YEE YUN PANG and ANDREA JANET PANG,
Plaintiffs-Appellants,

v.

FIRST HAWAIIAN BANK, KAPIOLANI BRANCH,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-0460)

ORDER DISMISSING APPEAL
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that this court lacks jurisdiction over this appeal that Plaintiffs-Appellants Wellington Yee Yun Pang and Andrea Janet Pang (the Pang Appellants) have asserted from the Honorable Rhonda A. Nishimura's announcement to dismiss the Pang Appellants' complaint, which resulted in the July 13, 2010 "Order Granting Defendant First Hawaiian Bank's Motion to Dismiss Plaintiff's Complaint, Filed on March 25, 2010" (the July 13, 2010 dismissal order), because the circuit court has not reduced the July 13,

2010 dismissal order to a separate judgment that resolves all claims against all parties in this case pursuant to Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). The supreme court has promulgated HRCP Rule 58, which specifically requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58 (emphasis added). Based on this requirement under HRCP Rule 58, the supreme court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i at 119, 869 P.2d at 1338. The separate judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added). For example, the supreme court has explained that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)]

does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'" Price v. Obayashi Hawaii Corporation, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) (emphases added).

The July 13, 2010 dismissal order is not a judgment, but, instead, it is an interlocutory order. On August 30, 2010, the appellate court clerk filed the record on appeal for appellate court case number 30590, at which time the record on appeal did not contain a separate judgment that resolves all claims in this case. Absent a separate, appealable judgment, the Pang Appellants's appeal is premature and we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that appellate court case number 30590 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, November 1, 2010.

Presiding Judge

Associate Judge

Associate Judge